**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0036-17T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JULIAN MORALES, a/k/a
BENITO GUITERRES,
BEN GUITERRES, BIENGENID
GUTIERRES, DAGOBERTO R.
POZO, BEN GUTIERRES, and
JULIO HERNANDEZ,

    Defendant-Appellant.

_____

Submitted October 16, 2018 – Decided November 13, 2018

Before Judges Yannotti and Rothstadt.

On appeal from Superior Court of New Jersey, Law Division, Union County, Indictment No. 10-01-0028.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique D. Moyse, Designated Counsel, on the brief).

Michael A. Monahan, Acting Union County Prosecutor, attorney for respondent (James C. Brady, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the briefs).

Appellant filed a pro se supplemental brief.

PER CURIAM

Defendant appeals from an order entered by the Law Division on July 27, 2017, which denied his petition for post-conviction relief (PCR). We affirm.

A Union County grand jury returned an indictment charging defendant with first-degree attempted murder of M.S., N.J.S.A. 2C:5-1, N.J.S.A. 2C:11-3 (count one); second-degree aggravated assault by causing or attempting to cause serious bodily injury to M.S., N.J.S.A. 2C:12-1(b)(1) (count two); third-degree aggravated assault by causing or attempting to cause bodily injury to M.S. with a deadly weapon, N.J.S.A. 2C:12-1(b)(2) (count three); second-degree aggravated assault by causing or attempting to cause serious bodily injury to H.P., N.J.S.A. 2C:12-1(b)(1) (count four); third-degree aggravated assault by causing or attempting to cause bodily injury to H.P. with a deadly weapon, N.J.S.A. 2C:12-1(b)(2) (count five); second-degree burglary, N.J.S.A. 2C:18-2 (count six); fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-

5(d) (count seven); and third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d) (count eight).[1]

Defendant was tried before a jury. The evidence presented at trial indicated that M.S. and H.P. resided in separate apartments in the same building in Elizabeth. H.P. shared his apartment with M.S.'s sister, E.S. M.S. lived on the second floor, while H.P. and E.S. had a residence on the first floor. Defendant previously lived at that address with M.S. for about a year, but he was not residing at that location on the date of the incident that led to the charges.

M.S. testified that in the early morning hours of July 14, 2009, defendant came to the building and she found him in the hallway. He was holding a cellular phone from her room, which he said he was going to sell to get money to purchase crack cocaine. When M.S. protested, defendant struck her with a box cutter, slashing her face, neck, arms, and hands.

H.P and M.S. testified that, after hearing the commotion, H.P. came out of his room. He tried to get defendant to stop attacking M.S. Defendant then cut H.P. on the hand. M.S. stated that she tried to retreat, but defendant followed

---

[1] We use initials to protect the privacy of the victims and others individuals involved in this matter.

A-0036-17T2

her into another room and continued to strike her. M.S. hit defendant with an empty bottle, but he cut her again. When E.S. said she was going to call the police, defendant left.

Later, officers from the Elizabeth Police Department and ambulance responded to the scene. They found M.S.'s injuries were severe. While traveling in the ambulance to the hospital, M.S. told an officer defendant was her assailant. H.P. also identified defendant as the perpetrator. M.S. lost about one-third of her blood in the attack. She was hospitalized for five days and is permanently scarred.

Defendant testified that on the evening of July 13, 2009, he spoke with M.S. on the phone. She told him she wanted to see him and spend time with him. Defendant went to Elizabeth and waited at his son's house until M.S. called him around 1:00 a.m. When defendant arrived, he knocked on the window and M.S. let him in the front door. He claimed he paid M.S. $80 and they had sexual relations.

Afterwards, defendant and M.S. went downstairs. M.S. knocked on E.S.'s door. According to defendant, H.P. attacked him and cut him. Defendant said he ran from the apartment and met up with a person named "Melissa." He did not, however, call "Melissa" as a witness.

4

The jury found defendant guilty of aggravated assault upon M.S. (count two), aggravated assault upon M.S. and H.P. with a deadly weapon (counts three and five), possession of a weapon for an unlawful purpose (count seven), and unlawful possession of a weapon (count eight). The jury found defendant not guilty of aggravated assault upon H.P., but guilty of the lesser-included disorderly persons offense of simple assault, N.J.S.A. 2C:12-1(a)(1) (count four). In addition, the jury found defendant not guilty of attempted murder (count one) and burglary (count six).

The trial judge granted the State's motion for an extended term. The judge merged counts three, seven, and eight with count two and sentenced defendant on count two to seventeen years of imprisonment, with an eighty-five percent period of parole ineligibility, pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. The judge also merged count four with count five and sentenced defendant on count five to a five-year term of imprisonment, with twenty-four months of parole ineligibility, to run consecutively to the sentence on count two.

In addition, the judge imposed various fees and monetary penalties. At sentencing, the judge stated on the record that he was imposing monetary penalties under N.J.S.A. 2C:43-3.1(a)(1). Such penalties are imposed on

persons convicted of crimes of violence, and any monies paid are forwarded to the Victims of Crime Compensation Board (the V.C.C.B. penalties). N.J.S.A. 2C:43-3.1(a)(1) to (3).

The judge stated he was imposing a $1000 penalty for the second-degree aggravated assault upon M.S. (count two), and a $50 penalty for the third-degree aggravated assault on H.P. (count five). However, the judgment of conviction (JOC) stated that the court had imposed a $50 penalty on both counts.

Defendant appealed from the JOC and raised the following arguments:

> POINT I
> THE ASSISTANT PROSECUTOR'S SUMMATION TO THE JURY IMPROPERLY ASKED THE JURORS TO FIND THAT DEFENDANT'S VERSION OF THE EVENTS IN QUESTION WAS NOT BELIEVABLE BECAUSE DEFENDANT "HAS SPENT NEARLY [TWENTY-FIVE] OF THE PAST [THIRTY] YEARS INCARCERATED IN EITHER STATE OR FEDERAL PENITENTIARIES." WHILE A DEFENDANT'S CREDIBILITY MAY BE IMPEACHED WITH HIS PRIOR RECORD, THE AMOUNT OF TIME HE HAS ACTUALLY SPENT IN PRISON IS NOT A PROPER CONSIDERATION FOR THE JURY; MOREOVER, EVEN IF IT WERE, THE RECORD DOES NOT SUPPORT THE CLAIM OF THE STATE, AND THE PROSECUTOR'S ARGUMENT IMPROPERLY ASKED THE JURY TO CONSIDER DEFENDANT'S PRETRIAL DETENTION IN THIS CASE AGAINST HIS CREDIBILITY. (NOT RAISED BELOW).
>
> POINT II

6

THE SENTENCE IMPOSED IS MANIFESTLY EXCESSIVE.

In addition, defendant has filed a supplemental pro se brief and raised the following argument:

THE PROSECUTOR'S UNDULY PREJUDICIAL REMARKS CONSTITUTE REVERSIBLE ERROR.

We affirmed defendant's conviction and sentence in all respects except for V.C.C.B. penalties. State v. Morales, No. A-1704-12 (App. Div. Nov. 13, 2015) (slip op. at 19-20). We remanded the matter to the trial court for a hearing to determine the V.C.C.B. penalty to be imposed on each count, and allowed the parties to renew their arguments about defendant's ability to pay a V.C.C.B. penalty above the mandatory minimum. Id. at 19. Thereafter, defendant filed a petition for certification with the Supreme Court of New Jersey. The Court denied the petition. State v. Morales, 224 N.J. 247 (2016).

On August 15, 2016, defendant filed a PCR petition, alleging he was denied the effective assistance of trial counsel. He claimed his attorney was ineffective because he failed to: (1) inspect the crime scene; (2) locate and interview witnesses; and (3) investigate the matter properly so he could raise an affirmative defense of self-defense. He sought an evidentiary hearing on the petition. The court appointed counsel to represent defendant, and on July 21, 2017, Judge John M. Deitch heard oral argument on the petition.

A-0036-17T2

On July 27, 2017, Judge Deitch filed an order and written opinion in which he concluded that: (1) the petition was timely filed; (2) the claims were not barred by Rule 3:22-5; and (3) defendant was not entitled to an evidentiary hearing because he had not presented a prima facie case of ineffective assistance of counsel. In his opinion, the judge noted that the dispute concerning the V.C.C.B. penalties had been resolved by the parties. This appeal followed.

On appeal, defendant argues he is entitled to an evidentiary hearing because his attorney rendered ineffective assistance by failing to investigate and present a complete defense. Defendant has filed a supplemental pro se brief, in which he argues that the PCR court erred by failing to address his claim that the trial court failed to conduct a hearing to determine the V.C.C.B. penalties that should be imposed on counts two and five, as required by our decision on his direct appeal.

Our court rules provide that the PCR court should conduct an evidentiary hearing if the defendant presents a prima facie case in support of PCR, there are material issues of fact that cannot be resolved based on the existing record, and the court finds that an evidentiary hearing is required to resolve the claims presented. R. 3:22-10(b); see also State v. Porter, 216 N.J. 343, 354 (2013) (citing R. 3:22-10(b)). "To establish a prima facie case, defendant must

demonstrate a reasonable likelihood that his or her claim, viewing the facts alleged in the light most favorable to the defendant, will ultimately succeed on the merits." R. 3:22-10(b).

Where, as in this case, a defendant asserts a claim of ineffective assistance of counsel, the defendant must satisfy the two-part test established in Strickland v. Washington, 466 U.S. 668, 687 (1984), and later adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). Under the test, a defendant first must "show that counsel's performance was deficient." Strickland, 466 U.S. at 687. To do so, the defendant must establish that counsel's performance "fell below an objective standard of reasonableness" and that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687-88.

Defendant also must establish that "the deficient performance prejudiced the defense." Id. at 687. To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome" of the matter. Id. at 694.

A-0036-17T2

Here, defendant argues that his trial attorney was deficient because he failed to inspect the crime scene or interview witnesses. He contends that, as a result of counsel's deficient performance, he was precluded from asserting a claim of self-defense and was forced to present a defense of third-party guilt by H.P. Defendant asserts that he was injured during the incident and claims he had a "viable" self-defense claim.

In his opinion, Judge Deitch noted that a claim of ineffective assistance of counsel can be based on an attorney's failure to conduct an adequate pre-trial investigation. See State v. Preciose, 129 N.J. 451, 464 (1992); State v. Petrozelli, 351 N.J. Super. 14, 23 (App. Div. 2002). Indeed, "[c]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." State v. Chew, 179 N.J. 186, 217 (2004) (quoting Strickland, 466 U.S. at 691). The failure to do so will "render the lawyer's performance deficient." Ibid. (quoting State v. Savage, 120 N.J. 594, 618 (1990)).

Nevertheless, when a defendant claims his attorney failed to investigate his case adequately, the defendant "must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." State

v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999) (citing R. 1:6-6). "To establish a prima facie claim, a [defendant] must do more than make bald assertions that he was denied the effective assistance of counsel." Ibid.

In his opinion, the judge noted that defendant alleged his attorney was ineffective for failing to investigate the crime scene, but he failed to present the court with any affidavits or certifications detailing what trial counsel would have found if he conducted such an investigation. Defendant also failed to identify the witnesses counsel should have located or interviewed, or what information those witnesses would have provided to the defense.

The judge also found that defendant claimed his attorney's failure to investigate precluded him from arguing self-defense, but defendant's own trial testimony was inconsistent with any claim of self-defense. The judge noted that, at trial, defendant testified that he did not attack M.S. and he only fell on H.P. after he was cut. Defendant also denied that he was in possession of any weapon on the night the offenses were committed.

The judge stated, however, that defense counsel sought and the trial judge granted defendant's request on self-defense with regard to the counts charging offenses involving H.P. The judge pointed out that defendant had not come forward with any proofs to show that he was entitled to a self-defense charge

A-0036-17T2

with regard to other counts. Moreover, defendant failed to show that any deficiency on the part of his attorney affected the outcome of the trial.

The judge observed, "The jury was free to consider self-defense on the lesser-included offense of simple assault and rejected that theory when they found [defendant] guilty. Therefore, it seems improbable that the jury would have accepted the defense on any of the more serious offenses."

We are convinced the record supports the judge's finding that defendant failed to present a prima facie case of ineffective assistance of counsel. We conclude the court correctly determined that defendant was not entitled to an evidentiary hearing on his petition.

In his supplemental pro se brief, defendant contends the PCR court erred by failing to address his claim regarding the V.C.C.B. penalties. However, as we pointed out previously, the issue was addressed in the judge's opinion. The judge wrote, "The parties have . . . reached a stipulation as to the appropriate fines, a consent order was entered, and the [JOC] has been amended." The consent order provides that defendant agreed the court would impose a $100 V.C.C.B. penalty on both counts two and five, and the JOC has been amended

A-0036-17T2

accordingly.  Thus, the issue raised as to the V.C.C.B. penalties is moot.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0036-17T2